**Siella Priscilla RADIUS, Appellee,**

v.

**ATTORNEY GENERAL OF the UNITED STATES,**
**Appellant.**

**No. 06–3428.**

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) Feb. 4, 2008.

Filed: April 15, 2008.

Ephraim T. Mella, Philadelphia, PA, for Appellee.

Edward J. Duffy, Ari Nazarov, United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Appellant.

Before: McKEE, AMBRO, Circuit Judges and IRENAS *, Senior District Judge.

## OPINION

MCKEE, Circuit Judge.

Siella Priscilla Radius petitions for review of an order of the Board of Immigration Appeals affirming the Immigration Judge's denial of her request for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, (the "CAT"). For the reasons that follow, we will deny the petition for review.

### I.

■ As we are writing primarily for the parties, we need not set forth the factual or procedural background of this case except insofar as may be helpful to our brief discussion. The government correctly notes that Radius did not raise the denial of her CAT claim on appeal to the BIA. Accordingly, we do not have jurisdiction to review the IJ's denial of that claim. *See* 8 U.S.C. § 1252(d)(1). *See also Abdulrah-*

---

* The Honorable Joseph E. Irenas, Senior United States District Judge for the District of New Jersey, sitting by designation.

*man v. Ashcroft,* 330 F.3d 587 (3d Cir. 2003).

 Similarly, we do not have jurisdiction to review the IJ's determination that Radius' asylum claim is untimely. "[T]he language of 8 U.S.C. § 1158(a)(3) clearly deprives [this court] of jurisdiction to review an IJ's determination that an asylum petition was not filed within the one year limitations period, and that such period was not tolled by extraordinary circumstances". *Tarrawally v. Ashcroft,* 338 F.3d 180, 185 (3d Cir.2003) (citing 8 U.S.C. § 1252(a)(1)). Thus, the only issue before us is whether the IJ and BIA erred in affirming the IJ's denial of Radius' application for withholding of removal.

When the BIA both discusses and adopts the IJ's decision, we review the decision of the IJ and the BIA. *See He Chun Chen v. Ashcroft,* 376 F.3d 215 (3d Cir.2004). We review adverse credibility rulings to determine if they are supported by substantial evidence. That is a deferential standard requiring us to uphold the credibility rulings unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Our review of the interpretation and application of legal principles is *de novo. Ezeagwuna v. Ashcroft,* 325 F.3d 396, 405 (3d Cir.2003).

## II.

 In order to obtain withholding of removal, Radius must establish that she is a "refugee" within the meaning of 8 U.S.C. § 1101(a)(42). To qualify as a refugee she must establish that she is "unable or unwilling" to return to Indonesia "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A).

To qualify for withholding of removal, Radius must establish not only that she is a refugee, but also that there is a "clear probability" that her "life or freedom would be threatened upon her removal." *Xia Yue Chen v. Gonzales,* 434 F.3d 212, 216 (3d Cir.2005). We agree that she has not satisfied this burden.

The IJ concluded the Radius was not credible. The IJ went further and ruled that even assuming *arguendo* that Radius' testimony was truthful, she has still not established that she is eligible for withholding of removal. We agree.

Before explaining why the record supports the denial of relief, we note that the vast majority of Radius' discussion in her brief details the horrendous and abusive relationship between her and her father as she was growing up in Indonesia. We have no idea why counsel thought that supplying us with that background in any way advanced Radius' burden of establishing the *governmental* involvement that is required to establish persecution. *See Silva–Rengifo v. Attorney General,* 473 F.3d 58 (3d Cir.2007). Nor does counsel even attempt to relate the mistreatment Radius received at the hands of her father to the protected class of ethnicity that Radius appears to base her claim for relief. *See* Petitioner's Br. At 10 (mentioning Department of State Country Reports statements about the relationship between the government of Indonesia and ethnic Chinese.).

As we explained in *Fatin v. I.N.S.,* 12 F.3d 1233, 1241 (3d Cir.1993), and have frequently repeated since,

> the concept of persecution does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional. If persecution were defined that expansively, a significant percentage of the world's population would qualify for asylum in this

country-and it seems most unlikely that Congress intended such a result.

We do not wish to belittle the hardships Radius has had to endure. However, on this record, we agree that she did not establish that the harassment and mistreatment rose to the level required to establish the "prosecution" required for relief, or that the government perpetrated or acquiesced in the mistreatment.

In *Lie v. Ashcroft*, 396 F.3d 530, 537–538 (3d Cir.2005), we confronted similar claims except that the alien there did not include claims of parental abuse. We rejected the claim, explaining:

> Petitioners argue, with some force, that anti-Chinese violence persists [in Indonesia] citing evidence in the record of widespread attacks on Chinese Christians.... Nevertheless, such violence does not appear to be sufficiently widespread ... to constitute a pattern or practice.... Moreover, this violence seems to have been primarily wrought by fellow citizens and not the result of governmental action or acquiescence. Given these considerations, we are not compelled to find that such attacks constitute a pattern or practice of persecution against Chinese Christians.

Radius' claim for withholding is not as strong as the claim we denied in *Lie*.

### III.

For the reasons set forth above, we conclude that the BIA did not abuse its discretion by denying the motion to reopen. Accordingly, we will affirm the decision of the BIA, and deny the petition for review.